IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **BILLY LANE WELCH,** § | |
| **TDCJ No. 02133126** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:21-cv-00004-O-BP |
| § | |
| **BOBBY LUMPKIN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Billy Welch ("Welch") pursuant to 28 U.S.C. §§ 2241, 2254. ECF No. 3. It appears the challenges Welch raises in the Petition are identical to those he presented in an earlier federal habeas proceeding. *See* ECF No. 14 at 2 in *Welch v. Davis*, No. 2:20-cv-00132-Z-BR. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **TRANSFER** the Petition to the United States Court of Appeals for the Fifth Circuit for further proceedings in accordance with 28 U.S.C. § 2244(b).

**I.   BACKGROUND**

Welch is an inmate in the Huntsville Unit of the Texas Department of Criminal Justice and brings this Petition to challenge his felony conviction for assault with a deadly weapon, which occurred in Hardeman County, Texas in 2017. ECF Nos. 3, 4. Welch says he received ineffective assistance of counsel because his attorney failed to have the deadly weapon finding removed from his judgment and caused him to involuntarily plead guilty. *Id.* at 6; ECF No. 4 at 1-5. Considering

his lawyer's allegedly ineffective assistance, Welch asks the Court to "evaluate the [Petition] while considering the standards of reasonableness set by the American Bar Association[,] which should apply to Petitioner[']s former attorney in record." ECF No. 4 at 4.

This Petition seems to challenge the same conviction Welch challenged in *Welch v. Davis*, No. 2:20-cv-00132-Z-BR (N.D. Tex. Aug. 11, 2020). In May 2020, while his state habeas petition was pending, Welch filed a federal habeas petition seeking release on parole or under mandatory supervision. *Id.* He argued that House Bill 1433, a Texas law under which he was denied eligibility for supervised release, infringed upon his substantive due process and equal protection rights. *Id.* at *2. On July 7, 2020, United States Magistrate Judge Lee Ann Reno entered findings, conclusions, and a recommendation (an "FCR") recommending denial of Welch's petition. ECF No. 10 in *Welch*, No. 2:20-cv-00132-Z-BR. Welch objected, but United States District Judge Matthew J. Kacsmaryk overruled his objections, denied relief on the merits, and dismissed his Petition with prejudice. *Id.*

Welch moved for a rehearing because the Court allegedly failed to consider his ineffective assistance of counsel claim. *See* ECF No. 14 at 1-2 in *Welch*, No. 2:20-cv-00132-Z-BR. The Court denied his motion because Welch neglected to raise that issue in his original Petition and instead first mentioned it in his objections to the FCR. *See* ECF No. 23 in *Welch*, No. 2:20-cv-00132-Z-BR. As Judge Kacsmaryk rightly observed, Welch lacked arguable grounds to seek a rehearing because "[f]acts and issues raised for the first time in objections to the FCR of the Magistrate Judge are not properly before the District Court." *Id.* at 2 (citing *Cupit v. Whitely*, 28 F.3d 532, 535 (5th Cir. 1994); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)). Undeterred, Welch appealed that decision to the Fifth Circuit, *see Welch v. Lumpkin*, No. 20-11262, and raised the same issue in a contemporaneous habeas proceeding, giving rise to the instant Petition.

The Director of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") responded to Welch's Petition in this case on June 18, 2021. ECF No. 15. The Director argues the Petition should be denied because (1) it is "successive" under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Court thus lacks jurisdiction over it; and (2) it is time-barred under the AEDPA.

## II.     LEGAL STANDARDS

The AEDPA mandates that prisoners incarcerated pursuant to a state court judgment always get one chance to bring a federal habeas challenge to their conviction. *See Magwood v. Patterson*, 561 U.S. 320, 333-334 (2010). After that, the path gets steeper, as the AEDPA limits the circumstances under which a state prisoner may file a second application for federal habeas relief. Relevant here, 28 U.S.C. § 2244 bars petitions that are "second or successive." *Graham v. Johnson*, 168 F.3d 762, 787 (5th Cir. 1999). In general, a later petition is "successive" if it "presents a challenge to the petitioner's conviction or sentence that could have been presented in an earlier petition or can be said to be 'an abuse of the writ.'" *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009) (citing *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003)).

To circumvent this barrier and bring a new claim, petitioners must prove the later petition is based on (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2244(b)(2). Before a petitioner may bring such a claim in district court, a three-judge panel of the relevant court of appeals must vet the case to see if the petitioner makes one of the above prima facie showings. *See* 28 U.S.C. § 2244(b)(3)(A)-(B). This prerequisite is jurisdictional, meaning the district court has

no jurisdiction over such a petition unless and until the petitioner satisfies the procedures in § 2244(b). *Blackman v. Davis*, 909 F.3d 772, 777 (5th Cir. 2018); *Graham*, 168 F.3d at 790.

Notably missing from the AEDPA is a definition of "second or successive" that would facilitate uniform application of the above procedures in federal district courts. With respect to petitions filed while a prior habeas case is still on appeal, different circuits endorse different rules. Some circuits have categorically held that petitions are still second or successive even if the prior habeas proceeding is being appealed. *See, e.g., Balbuena v. Sullivan*, 980 F.3d 619, 636-38 (9th Cir. 2020). Other circuits have endorsed the opposite approach. *See, e.g.*, *Ching v. United States*, 298 F.3d 174, 178-82 (2d Cir. 2002); *United States v. Santarelli*, 929 F.3d 95, 104-107 (3d Cir. 2019).

The Fifth Circuit has rejected a categorical approach to the inquiry. Instead, it proceeds from the basic assumption that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, the Fifth Circuit has held "a subsequent motion is 'second or successive' when it '(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ.'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d at 235). While this approach requires more case-by-case analyses than the categorical approaches endorsed by other circuits, the Fifth Circuit sees it as harmonious with the AEDPA's legislative intent, as the Act was enacted to abate piecemeal habeas litigation and "preclude prisoners from repeatedly attacking the validity of their convictions and sentences." *See In re Cain*, 137 F.3d at 235 & n.1 (discussing the legislative intent behind the AEDPA's numerous gatekeeping provisions).

**III.     ANALYSIS**

The Court lacks jurisdiction over Welch's Petition because it is successive under the AEDPA. The Petition brings claims that relate to the same conviction, sentence, and incarceration Welch challenged in his prior petition for federal habeas relief. *See Welch*, No. 2:20-cv-00132-Z-BR. The Petition is not successive merely because Welch has previously sought federal habeas relief. *In re Cain*, 137 F.3d at 235. But Fifth Circuit precedent is clear that a petition is successive when it "either presents a challenge to the petitioner's conviction or sentence that could have been presented in an earlier petition or can be said to be 'an abuse of the writ.'" *Propes*, 573 F.3d at 229 (citing *Crone*, 324 F.3d at 836-37); *see also Orozco-Ramirez*, 211 F.3d at 866 (citing *In re Cain*, 137 F.3d at 235). As Welch himself noted in his prior federal habeas case:

> [T]he "I.A.C" [ineffective assistance of counsel] claim is [Welch's] initial claim, the H.B. 1433 of 1995 [claim] is merely a subsequent claim that arose after the fact he was denied parole and after the fact his initial claim (I.A.C.) was filed; failing to address the I.A.C. claim defeats the purpose of this instant petition since the state failed to address that claim as well.

ECF No. 14 at 2 in *Welch*, No. 2:20-cv-00132-Z-BR. Thus, by Welch's acknowledgment, the instant Petition concerns the "initial" claim he sought to bring in his prior federal petition. Because this Petition shares its factual predicate with Welch's 2020 petition, it is successive under the AEDPA. *Blackman*, 909 F.3d at 777; *Graham*, 168 F.3d at 790. Consequently, the Court lacks jurisdiction over this matter unless and until the Fifth Circuit grants such jurisdiction. *Id.*

The Fifth Circuit has not issued an order authorizing the Court to consider this successive Petition. Welch's failure to obtain leave from the Fifth Circuit under § 2244(b)(3) before filing "acts as a jurisdictional bar" to the Court's evaluation of his claims. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted). Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit

Court of Appeals, or it may opt to transfer a successive habeas petition to the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Transfer of this case to the Fifth Circuit is appropriate because this appears to be Welch's first successive habeas application concerning the validity of his conviction. *Compare Adams v. Davis*, 3:17-CV-1133-N-BN, 2017 WL 2535863, at *1 (N.D. Tex. May 2, 2017), *rec. adopted*, 3:17-CV-1133-N, 2017 WL 2505495 (N.D. Tex. June 9, 2017) (transfer appropriate where no history of successive petitions aimed at same issue), *with United States v. King*, Nos. 3:97-CR-0083-D-01 & 3:03-CV-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (history of filing successive petitions warranted "dismissal without prejudice . . . [to] better serve[] the interests of justice than a transfer[.]"). Thus, Judge O'Connor should transfer Welch's Petition to the United States Court of Appeals for the Fifth Circuit for further proceedings. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). If the Fifth Circuit so authorizes, the Petition may once again be brought in this Court, at which time consideration of the Director's time-bar arguments would be proper. *Key*, 205 F.3d at 774.

## IV.   CONCLUSION

For the foregoing reasons, Welch's Petition is successive under the AEDPA. The Court has no jurisdiction over successive petitions unless the Fifth Circuit says otherwise after review of the case by a three-judge panel. *In re Epps*, 127 F.3d at 365. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **TRANSFER** this Petition to the Fifth Circuit for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served

with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on November 19, 2021.

*[signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE